UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL COLE KAISER,

Plaintiff,

v.

RYAN HERRINGTON, *et al*.,

Defendant.

CASE NO. 3:22-cv-05944-TL-GJL

ORDER GRANTING MOTION FOR LEAVE TO FILE UNTIMELY ANSWER PURSUANT TO FED.R.CIV.P. 6(B)

This matter is before the Court on referral from the District Court and on Defendant Danee Young's Motion for Leave to File Untimely Answer. Dkt. 37. The Court finds Defendant Young has shown good cause and thus grants the motion. Further, Plaintiff's Motion for Judgment as to Dr. Young (Dkt. 33) is denied as moot.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed his proposed Complaint in this Court on December 7, 2022. Dkt. 1. After granting Plaintiff's motion to proceed *in forma pauperis* (Dkt. 9), the Court directed service of the Complaint on January 9, 2023. Dkt. 10. Waiver of service for Defendants

Herrington, Lystad, Paris, and Berkey was filed on January 24, 2023, and for Dr. Young the following day. Dkt. 16-19, 21. Defendants Herrington, Lystad, Paris, Berkey, and the Washington State Department of Corrections timely filed their Answer on March 9, 2023. Dkt. 27. Dr. Young retained separate counsel and did not file her Answer until March 29, 2023, two days after the March 27 deadline. Dkt. 32. Later that same day, Plaintiff filed a Motion for Judgment as to Dr. Young for her failure to file a timely Answer. Dkt. 33.

Dr. Young filed the present Motion for Leave on March 31, 2023. Dkt. 37. Dr. Young argues that her counsel prepared her Answer on March 16, 2023, but filed a response to Plaintiff's Motion to Compel on the same day. Dkt. 25, 30. In doing so, Dr. Young's counsel simply forgot to file her Answer and did not realize this mistake until March 28, 2023. Dkt. 37 at 2. Dr. Young argues this was excusable neglect under Rule 6(b) and constitutes good cause to extend the filing deadline. *Id*. at 2–4. A signed declaration from Dr. Young's counsel, which discusses the oversight in detail, was filed in support of the Motion for Leave two days later. Dkt. 38.

## II. DISCUSSION

Federal Rule 6(b) governs the extension of deadlines prescribed by the federal rules and permits courts to extend time for "good cause." Under Rule 6(b)(1)(B), a court may extend time after a deadline has passed "if the party failed to act because of excusable neglect." Four factors are considered in determining whether neglect is excusable, including (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Excusable neglect "covers cases of negligence,

carelessness, and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (internal citation omitted).

Dr. Young's mistake was excusable neglect. Although within her control, the mistake was inadvertent and the brief two-day delay did not prejudice Plaintiff. Further, there is no indication that Dr. Young acted in bad faith. The declaration from Dr. Young's counsel and the attached exhibits (a version history of the draft answer and an internal email indicating surprise that the answer was not yet filed) support this conclusion. *See* Dkt. 38. Thus, the Court finds good cause to grant Dr. Young's Motion for Leave to File an Untimely Answer.

The Motion (Dkt. 37) is **GRANTED**. Dr. Young's answer (Dkt. 32) is accepted for filing. Plaintiff's Motion for Judgment (Dkt. 33) against Dr. Young based on her failure to timely file an answer is **DENIED** as moot.

Dated this 11th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge