UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL COLE KAISER,

              Plaintiff,

   v.

RYAN HERRINGTON, *et al.*,

              Defendant.

CASE NO. 3:22-cv-05944-TL-GJL

REPORT AND RECOMMENDATION

NOTING DATE: May 26, 2023

This matter is before the Court on referral from the District Court and on Plaintiff's Motion to Compel, Dkt. 25, which the Court construes as a request for injunctive relief.[1] After considering the record, the Court recommends Plaintiff's Motion be denied.

/ / /

/ / /

---

[1] In subsequent filings, the parties agree to refer to this filing as a request for injunctive relief. Dkt. 34, 41, 42. *See Brown v. Hubbard*, No. CIV S-08-2286 FCDGGH, 2009 WL 3673111 (E.D. Cal. Nov. 3, 2009), *report and recommendation adopted*, No. CIV S-08-2286FCDGGHP, 2010 WL 144110 (E.D. Cal. Jan. 8, 2010) (construing a motion to compel prison officials to provide living assistance upon plaintiff's release as a request for injunctive relief).

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed his proposed Complaint in this Court on December 7, 2022. Dkt. 1. After granting Plaintiff's motion to proceed *in forma pauperis* (Dkt. 9), the Court directed service of the Complaint on January 9, 2023. Broadly, the Complaint alleges Defendants were responsible for Plaintiff's medical treatment during his incarceration at Stafford Creek Corrections Center (SCCC) and negligently treated Plaintiff causing pain, the "long-term loss of use" of his left hand and deprivation of his Eighth Amendment rights. The Complaint alleges these violations occurred from June 17, 2020, until on or about September 15, 2021. Dkt. 10 at 7-8.

On February 23, 2023, Plaintiff filed a Motion to Compel requesting that Defendants restore the previous dosages of Plaintiff's prescribed medications. Plaintiff claims that when he was transferred to SCCC, the Washington State Department of Corrections (DOC) medical department lowered or discontinued his necessary medications without explanation. Dkt. 25. Defendant Dr. Young filed her response to the Motion on March 16, 2023, wherein she argued she was not responsible for Plaintiff's medications and takes no position on the Motion. Dkt. 30. The remaining Defendants filed their response on March 31, 2023, arguing the Motion "amounts to an improper motion for a preliminary injunction concerning facts that are chronologically and substantively distinct from the allegations contained in his complaint." Dkt. 34 at 1. On May 4, Plaintiff submitted additional information in support of his Motion. Dkt. 42.

## II. STANDARD OF REVIEW

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction

1  must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable
2  harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4)
3  "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20,
4  (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a
5  preliminary injunction is proper if there are serious questions going to the merits; there is a
6  likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of
7  the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072
8  (9th Cir. 2012).

### III. DISCUSSION

As an initial matter, injunctive relief is only appropriate for claims fairly encompassed within the operative complaint. *Brown v. Hubbard*, No. CIV S-08-2286, 2009 WL 3673111, at *1 (citing *DeBeers etc. v. United States*, 325 U.S. 212, 220 (1945)). Defendants argue the Motion "deals with [Plaintiff's] current incarceration in SCCC in 2023, not the previous period of time in 2020 to 2021 that is the subject of his Complaint. Additionally, the relief requested here concerns particular medication levels, rather than the subject at issue in the suit, which is the substantive evaluation and diagnosis of Plaintiff's medical condition and the timing thereof." Dkt. 34 at 4-5.

The Court disagrees. The Complaint alleges that Defendants' neglect delayed the diagnosis, treatment, and prescription of "drugs/medications" for Plaintiff's left hand. Dkt. 10 at 12. Allegations of pain are ubiquitous in the Complaint, including that the pain is "prolonged," "continued," and "ongoing." Dkt. 10 at 6-7, 11-13. Plaintiff also alleges Defendants' actions slowed his rehabilitation and made it more painful. Dkt. 10 at 17. The present Motion concerns Plaintiff's current pain and argues his condition worsens "when his medications are lowered or discontinued" because this increases the pain in his left arm and hand. Dkt. 25 at 4. These

1 | arguments concern the treatment of Plaintiff's ongoing pain and thus do not lie "wholly outside
2 | the issues in the suit." *DeBeers*, 325 U.S. at 220.

3 |     Nevertheless, Plaintiff must still meet the remaining requirements necessary for
4 | injunctive relief. First, Plaintiff has not shown a likelihood of success on the merits. In order to
5 | establish a violation of the Eighth Amendment, a prisoner must show prison officials were
6 | deliberately indifferent to health or safety by subjecting the prisoner to a substantial risk of
7 | serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is shown
8 | when prison officials consciously disregard an excessive risk of harm to an inmate's health or
9 | safety. *Id*. at 838–40. It is "obduracy and wantonness, not inadvertence or error in good faith,
10 | that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether
11 | that conduct occurs in connection with establishing conditions of confinement, supplying
12 | medical needs, or restoring official control over a tumultuous cellblock." *Wilson v. Seiter*, 501
13 | U.S. 294, 299 (1991).

14 |     Plaintiff does not demonstrate that Defendants were deliberately indifferent to his health
15 | and safety. Plaintiff's own submissions indicate he has consistently been prescribed medication
16 | to treat his pain. Dkt. 25 at 2-3. The declaration submitted by Shane Evans confirms Plaintiff's
17 | medications and states that DOC medical staff saw Plaintiff in January, February, and March
18 | 2023. Dkt. 36 at 3. Plaintiff has not shown how his care is deficient, let alone that any deficiency
19 | is due to wanton neglect. Plaintiff asserts that "as soon as they provided the Court" with Mr.
20 | Evans' declaration, the DOC discontinued his Bupropion and Clonazepam. Dkt. 42 at 1. Nothing
21 | indicates how this decision relates to his pain or that it "was medically unacceptable under the
22 | circumstances." *Vazquez v. Conanan*, No. 21-16731, 2023 WL 2624782, at *1 (9th Cir. Mar. 23,
23 | 2023) (citing *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)); *see also Toguchi v.*
24 |

*Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (mere differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim).

Second, Plaintiff has not shown he will suffer irreparable harm. To obtain injunctive relief, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). As discussed above, Plaintiff provides no evidence showing he will suffer serious harm if he is not provided a certain medication or dose.

As Plaintiff has not shown he is likely to succeed on the merits or will suffer irreparable harm if Defendants do not continue his medications, he has not shown a preliminary injunction is warranted at this time. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (finding the court need not address the remaining elements of the preliminary injunction standard after determining plaintiff had not shown he was likely to suffer irreparable harm in the absence of preliminary relief).

### IV.   CONCLUSION

As Plaintiff has failed to show he is likely to succeed on the merits or suffer irreparable harm, he is not entitled to preliminary injunctive relief. Accordingly, the Court recommends the Motion (Dkt. 25) be **DENIED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

1  objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time

2  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 26,**

3  **2023**, as noted in the caption.

4  Dated this 12th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge